UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI (EASTERN DIVISION)

| | |
|---|---|
| WELLS FARGO BANK, N.A., <br> as Indenture Trustee, <br>   Plaintiff, <br> v. <br> TUPELO APARTMENT HOMES, L.P., <br> AZALEA GARDENS I CORP., O'MALLEY'S <br> PROPERTY MANAGEMENT, INC., and <br> THE HOUSING AUTHORITY OF THE <br> CITY OF TUPELO, MISSISSIPPI, <br>   Defendants. | No. 1:07 CV 215-M-D |

## ORDER ESTABLISHING CLAIMS BAR DATE

This matter came before the Court on the Receiver's Motion for Order Establishing Claims Bar Date (the "Motion"), filed on May 27, 2008. In the Motion the Receiver moves this Court for an Order (i) fixing August 15, 2008 (the "Bar Date") as the last date for the filing of proofs of claim of any type; and (ii) approving the form and manner of notice of the Bar Date to be sent to creditors, investors and parties in interest. The Court finds that the following notice is appropriate under the circumstances presented and that good cause is shown. IT IS HEREBY ORDERED as follows:

  1. The Motion for Order Establishing Claims Bar Date is granted.

  2. The form of Notice of Claims Bar Date attached to the Motion as **Exhibit A** is approved and shall be used.

  3. The Proof of Claim form attached to the Motion as **Exhibit B** is approved and shall be used.

4. The Receiver is hereby authorized and required to request the publication of said Notice of Bar Date as soon as possible in the *Northeast Mississippi Daily Journal* and the *Clarion Ledger*, once a week for three (3) consecutive weeks.

5. A Proof of Claim, in the form attached to the Motion as **Exhibit B**, and together with supporting documentation, must be filed by all persons or entities that hold or assert that they have or hold a claim against, or interest in Tupelo Apartment Homes, L.P., Azalea Gardens I Corp. (collectively, the "Estate Parties") or the Collateral (as defined in that certain Order Granting Injunctive Relief and Continuing Receivership, dated September 7, 2007), which includes without limitation those certain multifamily residential rental projects known as Tupelo Apartment Homes, consisting of certain real property, together with the buildings, improvements, equipment, related facilities located thereon, and all accounts, receipts and revenues therefrom, generally located at 1518 Ida Street in Tupelo, Lee County, Mississippi; or that hold, or assert that they have or hold a claim against any other person or entity arising out of or based upon (a) any interest in the Estate Parties or the Collateral or any of its assets or any claim against the Estate Parties or any entity under its control based on primary, secondary, direct, indirect, secured, unsecured, or contingent liabilities; or (b) any claim of any sort against the Estate Parties or the Collateral whether such claim is based upon contract, tort, contribution, indemnity, reimbursement, subrogation theories or other legal or equitable theory. All Proofs of Claim must be filed with the Court with a copy sent to and actually received by the Receiver by no later than 5:00 p.m. prevailing Central Time on August 15, 2008 (the "Bar Date").

6. This Order applies to every claim that has been, is, or could be asserted, now or in the future, against the Estate Parties or the Collateral – except claims of professionals for fees incurred in the above-captioned receivership cases of the Defendants.

7. All persons or entities that are required by this Order to file a Proof of Claim, but that fail to do so on or before the Bar Date shall forever be barred, estopped and enjoined from (i) asserting any claims, liens, interests, covenants running with the land, or encumbrances of any kind that such person or entity may have against the Collateral, this receivership estate, or the Estate Parties, and (ii) receiving any distribution from the Collateral, the Receiver, or the receivership estate. This paragraph does not preclude the Court, upon a motion after the Bar Date by the Receiver or other interested party, from exercising its discretion to authorize the filing of a late Proof of Claim.

8. As used in this Order and the other documents attached hereto, "Claim" or "Claims" shall mean (i) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed legal, equitable, secured or unsecured; or (ii) a right to an equitable remedy for breach of performance, whether or not such equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured; or (iii) a claim based upon contract, tort, contribution, indemnity, reimbursement, subrogation theories or other legal or equitable theory.

9. In addition to being filed with the Court, Proofs of Claim must be submitted to the Receiver at the following address, in time to be received by the Receiver no later than the Bar Date:

**Jeff Staley**
**The Apogee Companies**

3600 S. Congress Avenue, Suite D
Boynton Beach, FL 33426

Proofs of Claim shall be deemed timely only if filed with the Court and received by the Receiver no later than the Bar Date.

10. The Receiver shall prepare a Registry of the Proofs of Claims (the "Claims Registry") submitted to the Receiver. Following the Bar Date, the Receiver will file the Claims Registry with the Court reflecting the identity of each claimant and the amount of each claim. A copy of the first page of each Proof of Claim form shall be filed as an exhibit to the Claims Registry.

11. By filing or submitting a Proof of Claim form to the Receiver as provided herein, each claimant: is deemed to have submitted to the jurisdiction of this Court for all purposes, including without limitation a determination, among other things, as to the validity and amount of any Claim; agrees to be bound by this Court's actions and decisions, even if that means that the claimant's Claim is limited or denied; and agrees to participate in any distribution from the receivership estate to the exclusion of any other remedies.

12. Nothing in this Order shall be deemed to prejudice the Receiver's right to dispute, or to assert offsets or defenses to, any Claim as to amount, liability, classification or otherwise. Nothing in this Order shall be deemed to prejudice the Receiver's right to object to any Claim on any grounds. Nothing in this Order shall be deemed to bar, prejudice or in any way preclude the Receiver from pursuing claims on behalf of the Defendants or the receivership estate against all persons or entities.

13. Any Claim asserted in a Proof of Claim after the Bar Date will not be entitled to receive a distribution from assets of the Defendants or the receivership estate and such Claim will be barred completely absent further order of the Court.

14. Receiver's Motion satisfies the Local Rule requiring the filing of a memorandum of points and authorities in support of a motion.

SO ORDERED this 20th day of June, 2008.

**/s/ MICHAEL P. MILLS**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**